IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Allan Michael Rudd, # 75370-004, ) | |
| ) | |
| Petitioner, ) | |
| ) | CA No. 9:07-0252-HMH-GCK |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Donald Bauknecht, ) | |
| Warden of FCI-Williamsburg, ) | |
| ) | |
| Respondent. ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Allan Michael Rudd, a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Kosko recommends that the Respondent's motion to dismiss be denied; that the Petitioner's partial motion for summary judgment be granted to the extent that the 2005 Regulations, codified at 28 C.F.R. §§ 570.20 and 570.21, which concern the BOP's consideration of placement of inmates in community confinement, are invalid; and that the Petitioner's partial summary judgment motion for a writ of mandamus be deemed moot. Further, the Magistrate Judge recommends finding the Petitioner's other motions moot.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

The Petitioner and the Respondent both filed objections. Magistrate Judge Kosko found that the Respondent admitted the Petitioner's first claim in the Respondent's answer and return to the Petition. The Petitioner's first claim is that the Bureau of Prisons ("BOP") "had misapplied the statutory minimum 10% eligibility date for placement in [a Residential Re-entry Program], and that he should be considered for 91 days of RRC placement instead of 78 days." (Report and Recommendation 2.) In his answer, the Respondent stated the following: "The Respondent denies that the Petitioner's RRC eligibility date has been properly calculated in accordance with Program Statement 5880.28, 'Sentence Computation Manual.'" (Resp't's Ans. ¶ 7.) However, in the Respondent's motion to dismiss filed on May 7, 2007, he claimed that the RRC eligibility date had been correctly calculated. Magistrate Judge Kosko did not address the Petitioner's first claim. Instead, the Magistrate Judge found that in the Respondent's answer, he had conceded the Petitioner's first issue. (Report and Recommendation 4.)

In his objections, the Respondent alleges that the admission referred to by the Magistrate Judge was a typographical error in the answer. The Respondent alleges that "this admission was corrected in the Respondent's motion to dismiss and Respondent argued for eleven (11) pages that the calculation was **properly** made." (Resp't's Objections 2.) The Respondent also objects to the Magistrate Judge's recommendation to deny the Respondent's motion to dismiss based on failure to exhaust administrative remedies and to grant the Petitioner's motion for partial summary judgment on the basis that the 2005 Regulations are invalid.

In addition, the Petitioner objects that, in light of the Respondent's admission, he is entitled to an additional 31 days of RRC. (Pet'r's Objections 2.) The Petitioner also objects to the Magistrate Judge's recommendation that his motion for partial summary judgment for a writ of mandamus is moot. Based on the foregoing, it is apparent from the Respondent's objections that he did not concede the Petitioner's first claim. Therefore, the court remands this matter to the Magistrate Judge to consider all of the parties' objections to the Report and Recommendation and the Petitioner's motion to transmit portions of record filed on August 10, 2007.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 24, 2007