𝔍𝔫 𝔱𝔥𝔢 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰
𝔍𝔬𝔯 𝔱𝔥𝔢 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔖𝔬𝔲𝔱𝔥 ℭ𝔞𝔯𝔬𝔩𝔦𝔫𝔞
BEAUFORT DIVISION

RECEIVED CLERK'S OFFICE

2007 DEC -7 P 2: 51

DISTRICT COURT

| | |
|---|---|
| Allan Michael Rudd, #75370-004, | ) |
| Petitioner, | ) Civil Action No. 9:07-0252-HMH-GCK |
| vs. | ) |
| Donald Bauknecht, | ) **REPORT AND RECOMMENDATION** |
| Warden FCI Williamsburg, | ) **OF THE MAGISTRATE JUDGE** |
| Respondent. | ) |



## I. INTRODUCTION

The petitioner, Allan Michael Rudd ("Petitioner" or "Rudd"), a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. STATEMENT OF THE CASE

The Petitioner was sentenced on June 26, 2006, to a 30-month term of incarceration in the United States District Court for the Southern District of Florida for Bank Fraud in violation of 18 U.S.C. § 656. At the time he filed his Petition, on January 23, 2007, he was incarcerated at the Federal Correctional Institution (FCI) Williamsburg, South Carolina. In his Petition, he asserted that he was he was entitled to placement in a Residential Re-entry Center ("RRC" or "halfway house") for at least 10% of his total sentence and that the Bureau of Prisons had denied him consideration of the factors enumerated in 18 U.S.C. 3621(b).[1]

The undersigned United States Magistrate Judge considered the Petitioner's claims in a Report and Recommendation issued on July 31, 2007. [33] Both the Petitioner and the

---

[1] A Residential Release Center is also referred to as a community confinement center ("CCC").

Respondents timely filed objections to that Report. [35; 37] On August 24, 2007, the Honorable Henry M. Herlong, United States District Judge for the District of South Carolina, issued an Order ruling on the Report and remanding the matter to the undersigned to consider the parties' objections to the Report.

The Petitioner stated in pertinent part in his Objections to the Report: "Petitioner's current scheduled RRC transfer date is 11/21/2007, for 60 days RRC placement." Therefore, the undersigned issued an Order on December 5, 2007 [44], ordering the parties to inform the court of the Petitioner's current status, as it appeared to the Court that the Petitioner had been released to an RRC.

Respondent filed a response and Declaration of Jenifer Grundy Hollet on December 6, 2007[2] stating that the Petitioner was released from the FCI Williamsburg to an RRC on November 21, 2007. Specifically, the Respondent informed the Court that the Petitioner was transferred to the Salvation Army Community Corrections Center in West Palm Beach, Florida.[3]

As Petitioner has already been placed in an RRC, the relief he sought has been obtained. Because the Petitioner already has been transferred to an RRC, his claim is now moot. Therefore, it is recommended that the present Petition be dismissed as moot.

### III. RECOMMENDATION

Accordingly, this court recommends that the Petition [1] be dismissed as moot, and the following pending motions in this case likewise should be deemed moot:

Petitioner's Motion to Strike **[9]**,

Respondent's Motion to Dismiss **[12]**,

Petitioner's Motion for Partial Summary Judgment **[14]**,

Petitioner's Motion for Clarification **[19]**,

---

[2] See Declaration of Jenifer Grundy Hollett ("Hollett Declaration") at ¶ 3. [46-2]

[3] *Id.*

Petitioner's (second) Motion to Strike **[24]**,

Petitioner's (Third) Motion to Strike **[26], and**

Petitioner Motion to Transmit Portion of Record **[36]**.

                                      */s/ George C. Kosko*
                                      George C. Kosko
                                      United States Magistrate Judge

December 7, 2007

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).